ÁNGEL L. ORTIZ y OTROS, demandantes y peticionarios, *v.* MUNICIPIO DE LAJAS, demandado y recurrido.

*Número:* CC-1999-630          *Resuelto:* 30 de marzo de 2001

*Noel Pacheco Fraticelli*, abogado de la parte peticionaria.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

En este caso se nos plantea la interrogante de si procede imponer el pago de honorarios de abogado a un municipio que ha despedido ilegalmente a uno de sus empleados cuando la reclamación se hace al amparo del Sistema de Personal de la Ley de Municipios Autónomos. Resolvemos que, por no ser ésta una legislación de índole laboral, no procede la imposición de honorarios de abogado contra un municipio bajo la Ley de Reclamaciones Laborales. Además, concluimos que no procede imponer honorarios de abogado bajo la Regla 44.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, ya que los municipios están exentos de dicha imposición en casos de daños y perjuicios. Por lo tanto, confirmamos la decisión del Tribunal de Circuito de Apelaciones.

I

En abril de 1993, los Sres. Ángel Luis Ortiz Laboy, Miguel Mercado Santiago y Luis A. Maldonado (en adelante los peticionarios) fueron suspendidos de empleo y sueldo por un término de treinta (30) días, por el Alcalde del Municipio de Lajas. Oportunamente, los peticionarios apelaron su suspensión a la Junta de Apelaciones del Sistema de Administración de Personal (en adelante la JASAP). La JASAP declaró con lugar la apelación y revocó las suspensiones.

Menos de un año más tarde, los peticionarios fueron despedidos por el municipio por alegadas violaciones a la

Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991 (en adelante Ley de Municipios Autónomos) y al Manual de Normas Internas del Municipio. Una vez más, los peticionarios acudieron ante la JASAP y dicho foro sustituyó el despido por una suspensión de empleo y sueldo.

Inconformes con tal resolución, los peticionarios acudieron ante el Tribunal de Circuito de Apelaciones. Dicho tribunal dictó sentencia el 31 de marzo de 1998, mediante la cual revocó la resolución de la JASAP y ordenó el pago a los peticionarios de aquellos beneficios dejados de percibir durante el tiempo en que fue efectiva la suspensión.

Oportunamente, los peticionarios presentaron ante la JASAP un memorando de costas y honorarios de abogado. Alegaron que al municipio le aplica el Art. 2 de la Ley de Reclamaciones Laborales, Ley Núm. 402 de 12 de mayo de 1950 (32 L.P.R.A. sec. 3115), el cual requiere que se impongan honorarios de abogado en casos en los que se conceda cualquier reclamación contra un patrono bajo las leyes laborales. Sin embargo, JASAP denegó la petición. Dicho foro determinó que la solicitud era prematura ya que, al momento de presentarse, la decisión del Tribunal de Circuito de Apelaciones no era aún final y firme.

Inconformes, los peticionarios presentaron una moción de reconsideración ante la JASAP. La Junta, en esta ocasión, declaró con lugar la petición de pago de costas y sin lugar la petición de honorarios de abogado.

Los peticionarios presentaron un recurso de revisión ante el Tribunal de Circuito de Apelaciones. Dicho foro apelativo denegó el recurso por entender que la reclamación de los peticionarios fue instada bajo las disposiciones de la Ley de Personal del Servicio Público, ley que regula sus derechos como empleados públicos, y no al amparo de legislación laboral alguna. Por lo tanto, concluyó el tribunal, no procede la petición de honorarios de abogado bajo la Ley Núm. 402.

El foro apelativo también entendió que al caso de autos le aplicaba lo resuelto por este Tribunal en *Rodríguez Cruz v. Padilla Ayala*, 125 D.P.R. 486 (1990). En ese caso decidimos bajo la antigua Ley Orgánica de los Municipios, que un municipio no es un patrono bajo la Ley Núm. 100 de 30 de junio de 1959 (29 L.P.R.A. sec. 146 *et seq.*), por no ser una agencia del Gobierno de Puerto Rico que opere como negocio o empresa privada, ni una corporación pública. Utilizando la doctrina de *in pari materia*, el foro apelativo concluyó que un municipio tampoco constituye un patrono bajo la referida Ley Núm. 402, en la que se basan los peticionarios para pedir honorarios de abogado.

El Tribunal de Circuito de Apelaciones expuso, además, que la Ley de Municipios Autónomos no convierte a los municipios en corporaciones públicas ya que, a pesar de que éstos tienen personalidad jurídica independiente del gobierno central, siguen siendo parte integral de éste.

Por último, el tribunal determinó que, de ordinario, no procede la imposición de honorarios de abogado contra el Estado y sus municipalidades por temeridad. Además, el foro apelativo concluyó, al igual que la JASAP, que los peticionarios no han demostrado que el municipio haya actuado con temeridad.

Los peticionarios acuden ante nos alegando que el Tribunal de Circuito de Apelaciones erró: (1) al determinar que la Ley Núm. 402 no aplica en este caso y (2) al determinar que el municipio no actuó con temeridad.

Resolvemos que la reclamación no es de índole laboral, por lo que no aplica la Ley Núm. 402 en este caso. Además, concluimos que no procede imponer honorarios de abogado bajo la Regla 44.1 de Procedimiento Civil, *supra*, ya que los municipios están exentos de dicha imposición en casos de daños y perjuicios.

## II

La Ley de Reclamaciones Laborales requiere la imposición de honorarios de abogado contra los patronos perdidosos en casos de reclamaciones laborales:

En todo caso radicado ante los tribunales de Puerto Rico por un trabajador o empleado en que se reclame cualquier derecho o suma de dinero contra su patrono, al amparo de la legislación. laboral federal o local ... y en que se conceda la reclamación en todo o en parte, se condenará al patrono al pago de honorarios de abogado. 32 L.P.R.A. sec. 3115.

Surge del citado texto que para que la imposición de honorarios de abogado proceda se requiere la concurrencia de cuatro (4) condiciones, que: (1) un empleado haga una reclamación a su empleador, (2) la reclamación surja al amparo de la legislación laboral, (3) el empleador sea un "patrono" bajo la ley y (4) se conceda la reclamación. Íd.

En este caso, no se cumple el segundo requisito. El Tribunal de Circuito de Apelaciones concluyó que la reclamación de los peticionarios surgía de la Ley de Personal del Servicio Público de Puerto Rico, Ley Núm. 5 de 14 de octubre de 1975 (3 L.P.R.A. sec. 1301 *et seq.*). Basándose en esta conclusión, el foro apelativo resolvió que la reclamación de autos no surge al amparo de la legislación laboral, según requiere la citada Ley Núm. 402, por entender que la Ley de Personal del Servicio Público es conceptualmente diferente a la tradicional legislación laboral que le aplica a la empresa privada.

En primer lugar, debemos señalar que el Tribunal de Circuito de Apelaciones erró al concluir que la reclamación surge de la Ley de Personal del Servicio Público. La Ley de Municipios Autónomos establece que la Ley de Personal del Servicio Público no aplicará a los empleados del municipio. 21 L.P.R.A. sec. 4577. Las disposiciones sobre personal que aplican a los municipios son las de la Ley de

Municipios Autónomos. Por lo tanto, esta reclamación surge al amparo de la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4001 *et seq.*, y el Sistema de Personal y el principio de mérito que allí se establecen.

Debemos determinar, pues, si la Ley de Municipios Autónomos se puede considerar legislación laboral para efectos del Art. 2 de la Ley de Reclamaciones Laborales, 32 L.P.R.A. sec. 3115. Concluimos que, aunque el foro apelativo aplicó la legislación incorrecta, su análisis en cuanto al carácter no laboral de la legislación bajo la que surge la reclamación fue acertado.

■ La Ley de Municipios Autónomos establece un Sistema de Personal similar al que se establece para las agencias de gobierno en la Ley de Personal del Servicio Público. Por ejemplo, en ambas leyes se define el principio de mérito y se le da un lugar muy privilegiado en ambos Sistemas de Personal. Véanse: 21 L.P.R.A. sec. 4551 *et seq.*; 3 L.P.R.A. sec. 1331 *et seq.* Se establece en ambas leyes que el principio de mérito será esencial en las áreas siguientes: clasificación de puestos; reclutamiento y selección; ascensos, traslados y descensos; adiestramientos, y retención. 21 L.P.R.A. sec. 4555 y 3 L.P.R.A. sec. 1331. Ambas leyes definen dicho principio y su aplicación a cada una de estas áreas, de maneras muy similares. 21 L.P.R.A. sec. 4556 *et seq.*, y 3 L.P.R.A. sec. 1332 *et seq.*

■ Cabe destacar también que las únicas secciones de la Ley de Personal del Servicio Público que aplican a los empleados municipales lo son las secciones 1381 *et seq.*, relativas a la JASAP y su funcionamiento. 21 L.P.R.A. sec. 4577. Las reclamaciones bajo ambos Sistemas de Personal son adjudicadas, pues, por la misma Junta de Apelaciones, y ambos sistemas funcionan de manera paralela. Por lo tanto, el razonamiento del Tribunal de Circuito de Apelaciones aplica tanto a una ley como a la otra.

■ Estamos de acuerdo con el Tribunal de Circuito de

Apelaciones en que estas leyes son de un carácter esencialmente distinto al de la tradicional legislación laboral que le aplica a las empresas privadas. La legislación laboral local surge principalmente al amparo de las Secs. 16, 17 y 18 de la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1, en la que se reconocen y establecen los derechos fundamentales de nuestros trabajadores: (1) el derecho a escoger libremente la ocupación y a renunciar a ella; (2) a recibir igual pago por igual trabajo; (3) a un salario mínimo razonable; (4) a recibir protección para la salud e integridad personal; (5) a una jornada ordinaria que no exceda de ocho (8) horas y a que si trabaja en exceso de ocho (8) horas en un día, éstas se le paguen a no menos de vez y media el salario ordinario; (6) a organizarse para la negociación colectiva, y (7) a establecer huelgas y piquetes a sus patronos. Ruy N. Delgado Zayas, *Apuntes para el estudio de la legislación protectora del trabajo en el derecho laboral puertorriqueño*, San Juan, Pubs. Laborales, 1988, págs. 1–2.

De estas disposiciones surgen las dos (2) áreas de la legislación social laboral: (1) la que establece condiciones de trabajo en sí mismas, tales como salarios mínimos y horas extra, y (2) la que establece mecanismos y recursos para ayudar al trabajador en sus esfuerzos por preservar y mejorar sus condiciones de trabajo, tal como el derecho a la huelga y a organizarse para la negociación colectiva. Íd., pág. 2. Estas dos (2) áreas de la legislación social laboral están cubiertas por las leyes sobre relaciones obrero-patronales y protectoras del trabajo. Delgado Zayas, *op. cit.*, pág. 3.

La legislación laboral regula extensivamente el comportamiento de los patronos y los empleados. Esta legislación, por ejemplo, crea causas de acción por discrimen y por hostigamiento sexual, establece salarios mínimos y requisitos para garantizar la seguridad y salud en el trabajo, regula las relaciones obrero-patronales, las uniones y

las huelgas, y delimita el sistema de Seguro Social. 29 L.P.R.A. sec. 1 *et seq.* Como podemos ver, esta legislación es la que pone en vigor los derechos que surgen de las Secs. 16, 17 y 18 de la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico, *supra*, que discutimos anteriormente y que constituyen el corazón de lo que es el Derecho Laboral.

■ Por otro lado, el Sistema de Personal de la Ley de Municipios Autónomos es más bien una serie de disposiciones de administración de personal en medio de una ley orgánica que se concentra en la delegación de poderes gubernamentales a los municipios. El propósito central de la Ley de Municipios Autónomos es la delegación de poderes del gobierno estatal a los municipios, y el Sistema de Personal que allí se establece provee a dichos organismos un esquema general para la administración de sus empleados. R.L. Nieves, *La participación ciudadana en la Ley de Municipios Autónomos de 1991: un laboratorio de posibilidades democráticas para Puerto Rico*, 67 Rev. Jur. U.P.R. 467, 484 (1998).

■ La Reforma Municipal, de la cual la Ley de Municipios Autónomos forma parte, se impuso las metas siguientes: (1) la transferencia de poderes, (2) la reforma administrativa y (3) la autonomía fiscal. *Municipio de Ponce v. Autoridad de Carreteras y Transportación*, CC-98-231 (Opinión y sentencia en circular). "Nos parece necesario puntualizar, además, que las leyes que conforman la Reforma Municipal fueron concebidas por la Rama Ejecutiva, es decir, constituyeron proyectos de *administración*." (Énfasis suplido.) Íd. Por lo tanto, no podemos equiparar estas disposiciones con la rigurosa y extensa regulación que tradicionalmente se considera legislación laboral.

Concluimos que el Art. 2 de la Ley de Reclamaciones Laborales, *supra*, no aplica en este caso. La reclamación de los peticionarios no surgió bajo legislación laboral local. No

procede, pues, la imposición de honorarios de abogado bajo esta disposición estatutaria.([1])

### III

■ Los peticionarios también alegan que el Tribunal de Circuito de Apelaciones erró al no imponer honorarios de abogado por la temeridad del municipio. La Regla 44.1(d) de Procedimiento Civil, *supra*, le asigna a los tribunales el deber de imponer el pago de honorarios de abogado a una parte que ha actuado con temeridad o frivolidad. Sin embargo, la imposición de honorarios de abogado al Estado Libre Asociado y sus instrumentalidades está limitada por la doctrina de la inmunidad soberana. Véase *Colondres Vélez v. Bayrón Vélez*, 114 D.P.R. 833 (1983). Además, existen varias limitaciones explícitas en la legislación puertorriqueña que controlan la imposición de honorarios de abogado al Estado y sus instrumentalidades.

■ El Código de Enjuiciamiento Civil dispone, en lo pertinente, que "[l]a sentencia contra el Estado no incluirá en ningún caso el pago de intereses por período alguno anterior a la sentencia ni concederá daños punitivos". Art. 8 de la Ley Núm. 104 de 29 de junio de 1955, según enmendada, 32 L.P.R.A. sec. 3083. Esta disposición fue interpretada por este Tribunal en *Colondres Vélez v. Bayrón Vélez*, supra. Allí explicamos que el citado Art. 8 también prohíbe, por ser daños punitivos, la imposición de honorarios de abogado contra el Estado. *Colondres Vélez*, supra.

■ Sin embargo, el mismo Código de Enjuiciamiento Civil dispone que dicha disposición sólo aplicará a las instrumentalidades del Estado cuya facultad para demandar y ser demandadas no esté prevista por otras leyes. 32

---

([1]) Como hemos resuelto que no procede la imposición de honorarios de abogado por no surgir la reclamación al amparo de la legislación laboral, no es necesario decidir si un municipio constituye un "patrono" para efectos de la Ley de Reclamaciones Laborales. Dejamos este asunto en *quaere*.

L.P.R.A. sec. 3079. La facultad de los municipios para demandar y ser demandados sí está prevista por la Ley de Municipios Autónomos. 21 L.P.R.A. sec. 4003. Por lo tanto, la disposición del Código de Enjuiciamiento Civil que prohíbe la imposición de honorarios de abogado contra el Estado no aplica a los municipios.

Ahora bien, la Ley de Municipios Autónomos contiene una disposición muy similar al previamente discutido Art. 8 del Código de Enjuiciamiento Civil. En su artículo 15.005, la ley establece, en lo pertinente, que:

> La sentencia que se dicte contra cualquier municipio de acuerdo con [el Artículo 15.003 de esta Ley] no incluirá, en ningún caso, el pago de intereses por período alguno anterior a la sentencia ni concederá daños punitivos. 21 L.P.R.A. sec. 4705.

En *Colondres Vélez v. Bayrón Vélez*, supra, decidimos que esta disposición prohíbe la imposición a los municipios de honorarios de abogado por estos constituir "daños punitivos". Sin embargo, de la propia ley surge, e interpretamos en *Colondres Vélez*, supra, que esta prohibición sólo aplica a las acciones que nacen del Art. 15.003 (21 L.P.R.A. sec. 4705). Dicho artículo, por su parte, autoriza acciones contra el municipio "por daños personales o a la propiedad, ocasionados por la culpa o negligencia del municipio"; es decir, acciones de daños y perjuicios. 21 L.P.R.A. sec. 4703. En *Colondres Vélez v. Bayrón Vélez*, supra, pág. 841, explicamos que "[c]omo la única clase de acción regulada por [el Artículo 15.003] es la de daños y perjuicios por culpa o negligencia, a ese tipo de acciones está reducida la limitación" del Art. 15.005, supra. La aplicación de esta prohibición al caso de autos depende, por lo tanto, de si la acción de los peticionarios bajo La Ley de Municipios Autónomos es de daños y perjuicios.

Por otro lado, la Regla 44.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, también limita el alcance de la citada Regla 44.1(d) al prohibir la imposición de honorarios

de abogado en algunos casos. La citada Regla 44.3(b) dispone:

> El tribunal también impondrá a la parte que haya procedido con temeridad el pago de interés ... desde que haya surgido la causa de acción en todo caso de *cobro de dinero* y desde la radicación de la demanda, en caso de *daños y perjuicios* ... excepto cuando la parte demandada sea el Estado Libre Asociado de Puerto Rico, *sus municipios* .... (Énfasis suplido.)

Del propio texto de la regla surge que la prohibición aplica a los municipios. Esta regla también fue interpretada por este Tribunal en *Colondres Vélez v. Bayrón Vélez*, supra. Allí decidimos que, al igual que las otras disposiciones discutidas, esta regla también prohíbe la imposición de honorarios de abogado. *Colondres Vélez*, supra. Pero, además, llegamos a la conclusión de que esta prohibición sólo aplica a casos de cobro de dinero y de daños y perjuicios. Íd. Véase, además, *Rodríguez Roldán v. Mun. de Caguas et al.*, 133 D.P.R. 694 (1993), aplicando la citada Regla 44.3(b) en un caso de daños y perjuicios.

Conforme a lo anterior, debemos concluir que no procedería la imposición de honorarios de abogado al Municipio en este caso si la acción de los peticionarios es de daños y perjuicios. En *Rodríguez Cruz v. Padilla Ayala*, supra, decidimos que una acción por despido ilegal por discrimen político de un empleado municipal bajo la antigua Ley Orgánica de los Municipios de Puerto Rico y la Ley de Personal del Servicio Público constituía una acción de daños y perjuicios. Por lo tanto, en ese caso revocamos la imposición de honorarios de abogado contra el municipio, al aplicar la citada Regla 44.3(b). *Rodríguez Cruz*, supra.

En *Rodríguez Cruz v. Padilla Ayala*, supra, un empleado del Municipio de Trujillo Alto fue destituido de su puesto de Director de la Defensa Civil y reinstalado en su puesto anterior de Inspector de Saneamiento, con un salario más bajo. El empleado, Rodríguez Cruz, demandó al nuevo alcalde del Municipio por despido ilegal por dis-

crimen político bajo las "garantías sobre retención contenidas en la Sección 4.6 de la Ley de Personal". *Rodríguez Cruz v. Padilla Ayala*, supra, pág. 496. Esta sección establece las garantías que aplican a los empleados que ocupan puestos de carrera. 3 L.P.R.A. sec. 1336. Sin embargo, este Tribunal llegó a la conclusión de que, a pesar de que Rodríguez Cruz era un empleado de confianza y no de carrera, el Municipio no había podido justificar su despido y, por lo tanto, había actuado ilegalmente al destituirlo por razones políticas. *Rodríguez Cruz*, supra. Entendemos, pues, que la causa de acción de Rodríguez Cruz nace cuando el Municipio viola su derecho a la libre asociación que establece nuestra Constitución en su Art. II, Sec. 6, L.P.R.A., Tomo 1. No debemos olvidar que la condición de empleado de confianza de por sí no priva de la protección contra el discrimen político. *McCrillis v. Aut. Navieras de P.R.*, 123 D.P.R. 113 (1989). La causa de acción de Rodríguez Cruz surgió, por lo tanto, de una violación de sus derechos constitucionales.

Tras concluir, en *Rodríguez Cruz v. Padilla Ayala*, supra, que el despido fue ilegal, pasamos a discutir los remedios que tocaba otorgar al demandante. Luego de eliminar varias partidas que había concedido el foro de instancia, incluyendo unos sesenta mil dólares ($60,000) en concepto de daños y perjuicios por sufrimientos y angustias mentales, condenamos al Municipio a pagar a Rodríguez Cruz los beneficios dejados de percibir como resultado del despido ilegal, y ordenamos que fuese reinstalado en el puesto de Director de la Defensa Civil. *Rodríguez Cruz*, supra. Explicamos que:

... [A] diferencia del caso de la acción por razón de despido injustificado que le concede al empleado de empresa privada la Ley Núm. 80 de 30 de mayo de 1976 —al amparo de la cual el remedio que, de ordinario, se concede lo es el pago de la "mesada"— aquí se trata de una conducta que viola un mandato expreso de nuestra Constitución, con el agravante de que es el Estado el violador, el cual se supone sea el primero en defender

los derechos constitucionales de nuestra ciudadanía. [Por lo tanto,] de no ordenarse la reposición del empleado público al cargo que ocupaba, a todos los efectos prácticos se estaría "premiando" la acción inconstitucional de la autoridad nominadora al discriminar contra el empleado destituido por razones políticas y "castigando" el empleado, capaz y competente, que ha sido víctima del impermisible discrimen político. La violación de un derecho constitucional por parte del Estado amerita y exige un remedio efectivo que vindique, elimine y señale el camino a seguirse en el futuro en relación con conducta contraria a lo establecido por nuestra ley fundamental. *Rodríguez Cruz v. Padilla Ayala*, supra, pág. 524.

Por lo tanto, estos remedios se impusieron por el carácter constitucional de la acción. Concluimos, además, que dicha acción por despido ilegal en violación de derechos constitucionales constituía una acción de daños y perjuicios, y que, por lo tanto, no procedía la imposición de honorarios de abogado en vista de las disposiciones de la Regla 44.3(b) de Procedimiento Civil, supra, y lo resuelto en *Colondres Vélez v. Bayrón Vélez*, supra. *Rodríguez Cruz v. Padilla Ayala*, supra.

En el caso de autos nos enfrentamos a una situación indistinguible a la de *Rodríguez Cruz v. Padilla Ayala*, supra. Esta acción por despido ilegal nace, al igual que la acción en *Rodríguez Cruz*, supra, de una violación de los derechos constitucionales del empleado. Ante nos, tenemos una acción bajo la nueva Ley de Municipios Autónomos. Según esta nueva ley, como discutiéramos anteriormente, no aplica a los municipios la Ley de Personal del Servicio Público. Sin embargo, las disposiciones del Sistema de Personal de la Ley de Municipios Autónomos establecen el principio de mérito de una manera muy similar a la Ley de Personal del Servicio Público. Al despedir a los peticionarios injustificadamente, violándose dicho principio de mérito, se quebrantaron sus derechos constitucionales al debido proceso de ley.

En *Lupiáñez v. Srio. de Instrucción*, 105 D.P.R. 696 (1977), resolvimos que un empleado público tiene un

interés propietario en su posición de empleo permanente. Por lo tanto, el despido injustificado, violando el principio de mérito, constituye una privación de dicho interés propietario sin el debido proceso de ley. Íd. De esta violación de un derecho constitucional es que surge la causa de acción en el caso de autos. Al igual que en *Rodríguez Cruz v. Padilla Ayala*, supra, en este caso los peticionarios han instado una demanda por daños y perjuicios por una violación a sus derechos constitucionales.

Los peticionarios en el caso de autos fueron despedidos tras negarse a trabajar durante horas no laborables en fines de semana y días feriados, por entender que el Municipio los estaba asignando a trabajar en violación a su propio sistema de turnos rotativos, sin justificación alguna. El Tribunal de Circuito de Apelaciones determinó que esta actuación arbitraria del Municipio, que llevó al despido de empleados con un expediente de trabajo excelente, fue injustificada e ilegal. Aunque en *Rodríguez Cruz v. Padilla Ayala*, supra, nos enfrentamos a un despido ilegal por discrimen político, y aquí nos enfrentamos a una privación, sin el debido proceso de ley, de un interés propietario que nace del principio de mérito, ambas causas de acción surgen como acciones por daños y perjuicios para reivindicar los derechos constitucionales de los empleados.

Cabe mencionar, además, que los remedios concedidos en el caso de autos son los mismos que concedimos en *Rodríguez Cruz v. Padilla Ayala*, supra, a saber, el pago de los beneficios dejados de percibir y la reinstalación del empleado. A pesar de que en ninguno de los dos (2) casos se concedieron daños y perjuicios adicionales (por ejemplo, por sufrimientos y angustias mentales), los remedios concedidos son particulares a este tipo de acción por violación de derechos constitucionales que en *Rodríguez Cruz*, supra, describimos como una acción de daños y perjuicios. Por lo tanto, es forzoso concluir que si la acción por despido ilegal por discrimen en *Rodríguez Cruz*, supra, constituye

una acción de daños y perjuicios para efectos de la Regla 44.3(b), la acción por despido ilegal por una violación del debido proceso de ley en el caso de autos también es una acción de este tipo.

Estos dos (2) casos son indistinguibles. La regla que esbozamos en *Rodríguez Cruz v. Padilla Ayala*, supra, por lo tanto, es de aplicación al caso de autos.[2] Tanto la Regla 44.3(b) de Procedimiento Civil, *supra*, como el Art. 15.005 de la Ley de Municipios Autónomos, *supra*, prohíben la imposición de honorarios de abogado en un caso por daños y perjuicios como el de autos. Resuelto, pues, que en esta acción no procede la imposición de honorarios de abogado por temeridad al amparo de la Regla 44.1(d), no es necesario analizar la determinación del Tribunal de Circuito de Apelaciones en cuanto a la ausencia de temeridad en este litigio.

A modo de conclusión, examinada la Ley de Municipios Autónomos, no procede la imposición de honorarios de abogado contra el municipio bajo la Ley de Reclamaciones Laborales, ya que la reclamación no surge al amparo de la legislación laboral. Tampoco procede imponer honorarios de abogado al amparo de la Regla 44.1 de Procedimiento Civil, *supra*, ya que los municipios están exentos de dicha imposición en casos de daños y perjuicios. Por lo tanto, *confirmamos la decisión del Tribunal de Circuito de Apelaciones.*

*Se dictará la sentencia correspondiente.*

Los Jueces Asociados Señores Fuster Berlingeri y Corrada Del Río concurrieron sin opinión escrita.

---

[2] También se sustenta nuestra decisión si tomamos en cuenta lo resuelto en algunas jurisdicciones estadounidenses: "The unjust dismissal of public employees is in many cases based on breach of contract or of implied contract—*but there is some indication that a tort action will lie.*" (Énfasis suplido.) 10 *The American Law of Torts*, Sec. 34:113, pág. 363 (1993). Así, por ejemplo, en *Noble v. National American Life Ins. Co.*, 128 Ariz. 188 (1981), se resolvió que existía una causa de acción torticera por un despido ilegal de un empleado público bajo un sistema de mérito.