ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| BRENDA L. SAYÁN RESTO,<br><br>Apelante,<br><br>v.<br><br>**NAGUABO AUTO SALES, INC.**; AUTOS DEL ESTE, INC., y AUTOS DEL ESTE, INC. h/n/c AUTOS DEL ESTE KIA DE HUMACAO,<br><br>Apelada. | KLAN202401164 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Caguas.<br><br>Civil núm.: CG2018CV00977.<br><br>Sobre: despido injustificado. |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 24 de febrero de 2025.

La señora Brenda L. Sayán Resto (señora Sayán Resto) instó este recurso el 27 de diciembre de 2024. En él, nos solicita que revoquemos la *Sentencia Enmendada* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, el 20 de septiembre de 2024, notificada el 23 de septiembre de 2024. Mediante la misma, el foro primario declaró con lugar la demanda por despido injustificado y ordenó el pago de la mesada correspondiente. Adicionalmente, ordenó una doble compensación de la cantidad otorgada y concedió el quince por ciento (15%) de honorarios de abogado.

Por los fundamentos que expondremos a continuación, **revocamos en parte** la sentencia apelada.

I

El 18 de junio de 2018, la señora Sayán Resto presentó una reclamación laboral al amparo del procedimiento sumario dispuesto en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, en contra de

Número identificador

SEN2025_____

Naguabo Auto Sales (NAS)[1]. Alegó que trabajó como vendedora para dicha compañía en distintos periodos de tiempo, hasta el 28 de diciembre de 2016 cuando fue despedida. Adujo que su despido fue injustificado y motivado por represalias. A la luz de ello, solicitó la indemnización correspondiente al amparo de la Ley Núm. 80-1976, según enmendada, conocida como *Ley sobre despidos injustificados*, 29 LPRA sec. 185a, *et seq*. Adicionalmente, solicitó una suma no menor de $75,000.00 por concepto de angustias mentales, una partida en concepto de pérdida de ingresos, y la doble compensación por daños y salarios dejados de devengar, de conformidad a la Ley Núm. 115-1991, según enmendada, intitulada *Ley contra el despido injustificado o represalias a todo empleado por ofrecer testimonio ante un foro legislativo, administrativo o judicial*, 29 LPRA sec. 194, *et seq*.

El 9 de agosto de 2018, NAS contestó la querella[2]. En esta, negó la mayoría de las alegaciones en su contra y planteó sus defensas afirmativas; entre ellas, que la señora Sayán Resto había abandonado el empleo voluntariamente en enero de 2016, y que las reclamaciones habían prescrito.

Más adelante, el 18 de marzo de 2019, la apelante solicitó autorización para presentar una querella enmendada[3]. Ello, a los fines de incluir como parte demandada a Autos del Este, Inc. (ADE). El 16 de abril de 2019, NAS se opuso[4]. No obstante, el 25 de abril de 2019, notificada al siguiente día, el tribunal *a quo* aceptó la querella enmendada y ordenó la conversión del pleito al trámite ordinario[5].

Cabe señalar que, además de incluir a ADE como parte demandada, la señora Sayán Resto enmendó varias de sus alegaciones. En lo pertinente, adujo que había solicitado los beneficios del seguro social y los

---

[1] *Véase*, apéndice del recurso, a las págs. 28-31.

[2] *Íd.*, a las págs. 32-34.

[3] *Íd.*, a las págs. 35-42.

[4] *Íd.*, a las págs. 43-44.

[5] *Íd.*, a la pág. 45.

mismos fueron aprobados, efectivo en junio de 2017. En vista de ello, sostuvo que no se encontraba capacitada para trabajar por lo que no procedía el remedio de reinstalación en el empleo que provee la Ley Núm. 115-1991. Sin embargo, solicitó como remedio alterno una partida no menor de $500,000.00 por concepto de lucro cesante[6].

Así las cosas, el 28 de junio de 2019, NAS y ADE presentaron la contestación a la querella enmendada[7]. A grandes rasgos, alegaron que las causas de acción estaban prescritas. De otro lado, manifestaron que el despido de la apelante ocurrió por causa de faltas de respeto a sus superiores y "conducta escandalosa"[8] en actividades de la empresa.

Tras múltiples trámites procesales, el 10 de enero de 2024, notificada al próximo día, el foro primario dictó *Sentencia*[9]. Como parte de su dictamen, el tribunal *a quo* consignó ocho (8) determinaciones de hechos. A base de estas, razonó que no existía fundamento para sustentar las alegaciones de represalias al amparo de la Ley Núm. 115-1991. No obstante, concluyó que el patrono no había logrado justificar el despido de la apelante. De modo que la señora Sayán Resto tenía derecho a la indemnización provista por la Ley Núm. 80-1976. Así pues, declaró con lugar la causa de acción por despido injustificado y ordenó el pago de la mesada correspondiente, por la cantidad de $12,115.38.

En desacuerdo, el 25 de enero de 2024, la parte apelada solicitó la reconsideración[10]. Al día siguiente, la señora Sayán Resto también solicitó la revisión del dictamen, así como que se realizaran determinaciones de hechos adicionales[11].

---

[6] *Véase*, apéndice del recurso, a las págs. 40 y 41.

[7] *Íd.*, a las págs. 46-49.

[8] *Íd.*, a la pág. 49.

[9] *Íd.*, a las págs. 404-409.

[10] *Íd.*, a las págs. 410-412.

[11] *Íd.*, a las págs. 413-424.

Atendidos los argumentos de las partes, el 13 de febrero de 2024, la primera instancia judicial declaró sin lugar ambas solicitudes[12].

Aún insatisfecha, el 14 de marzo de 2024, la apelante acudió ante nos mediante el recurso de apelación KLAN202400252[13]. En dicha ocasión, **modificamos el dictamen recurrido a los efectos de resolver que sí procedía la causa de acción por represalias en el empleo al amparo de la Ley Núm. 115-1991**[14]. Adicionalmente, resolvimos que procedía la concesión de honorarios de abogado de conformidad a la Ley Núm. 402 de 12 de mayo de 1950, según enmendada, conocida como *Ley que regula la concesión de honorarios de abogado en los casos de reclamaciones de trabajadores o empleados contra sus patronos*, 32 LPRA sec. 3114, *et seq.* Consecuentemente, devolvimos el caso al foro recurrido y ordenamos la resolución del pleito de conformidad al Art. 2 (b) de la Ley Núm. 115-1191 y la Ley Núm. 402-1950. El 2 de agosto de 2024, la Secretaria de este Tribunal emitió el mandato[15].

Luego de varias incidencias, el 20 de septiembre de 2024, notificada el 23 de septiembre de 2024, el Tribunal de Primera Instancia emitió una *Sentencia Enmendada*[16]. En esta, se limitó a conceder una doble compensación a base de la mesada previamente otorgada, así como el quince por ciento (15%) de honorarios de abogado.

Inconforme, el 30 de septiembre de 2024, la señora Sayán Resto solicitó la reconsideración[17]. En primer orden, sostuvo que el dictamen emitido pasaba por alto los remedios dispuestos en el Art. 2 (b) de la Ley Núm. 115-1991. En detalle, indicó que la sentencia omitía la compensación por los daños sufridos, las angustias mentales, la restitución en el empleo y los salarios dejados de devengar.

---

[12] *Véase*, apéndice del recurso, a las págs. 425 y 426.

[13] *Íd.*, a las págs. 1-426.

[14] *Íd.*, a las págs. 427-442.

[15] *Íd.*, a la pág. 445.

[16] *Íd.*, a las págs. 448-454.

[17] *Íd.*, a las págs. 455-460.

Por otra parte, adujo que, de conformidad a la jurisprudencia interpretativa de la Ley Núm. 402-1950, procedía la concesión de honorarios de abogado a razón de un veinticinco por ciento (25%).

El 22 de octubre de 2024, la parte apelada instó una réplica a la reconsideración[18]. En cuanto al reclamo de daños y angustias mentales, sostuvo que la prueba presentada por la apelante había sido pobre. Sobre la restitución en el empleo, arguyó que la propia apelante había expresado que dicho remedio no estaba disponible para ella. Precisó que, según las alegaciones de la demanda enmendada, la señora Sayán Resto había reconocido que recibía los beneficios del seguro social y no se encontraba apta para trabajar.

Con respecto al reclamo por salarios dejados de devengar, esgrimió que este había caducado en junio de 2017, fecha en que la señora Sayán Resto comenzó a recibir los beneficios del seguro social por incapacidad. Añadió que la Ley Núm. 115-1991 no incluía una partida de lucro cesante, según pretendía la apelante. Por último, expresó que la concesión de los honorarios de abogado debía realizarse al amparo del remedio concedido.

El 29 de octubre de 2024, la apelante instó un escrito en reacción a la réplica en cuestión[19]. Luego, el 31 de octubre de 2024, la parte apelada se opuso al mismo[20].

Así las cosas, el 27 de noviembre de 2024, notificada el 2 de diciembre de 2024, el tribunal primario declaró sin lugar la reconsideración[21].

Inconforme aún, el 27 de diciembre de 2024, la señora Sayán Resto instó este recurso y formuló los siguientes señalamientos de error:

PRIMERO: Desobedecer el mandato del Tribunal de Apelaciones e insistir en declarar No Ha Lugar la reclamación de represalias en el empleo.

---

[18] *Véase*, apéndice del recurso, a las págs. 461-468.

[19] *Íd.*, a las págs. 469-471.

[20] *Íd.*, a las págs. 472-473.

[21] *Íd.*, a la pág. 474.

SEGUNDO: Desobedecer el mandato del Tribunal de Apelaciones al no concederle a la apelante los remedios dispuestos en el Artículo 2 (B) de la Ley Núm. 115 de 20 de diciembre de 1991.

TERCERO: No conceder el pago de honorarios de abogado conforme la jurisprudencia que interpreta la Ley Núm. 402 de 12 de mayo de 1950 en casos de represalias en el empleo.

CUARTO: Al determinar que la Ley Núm. 402 de 12 de mayo de 1950 dispone que la concesión de honorarios de abogado será de un 15%.

El 24 de enero de 2024, la parte apelada presentó su alegato en oposición.

Examinados los escritos de las partes, resolvemos.

II

A

La Ley Núm. 115 de 20 de diciembre de 1991, según enmendada, conocida como *Ley de acción por represalias del patrono*, 29 LPRA sec. 194, *et seq.*, es un estatuto reparador, el cual fue promulgado con el propósito de establecer como política pública la protección de los empleados públicos y privados, cuando estos comparecieren ante la Legislatura, foros judiciales o administrativos, para colaborar con dichos foros. *Exposición de Motivos*, Ley 115, 1991 Leyes de Puerto Rico 957; *véase*, además, *Velázquez Ortiz v. Mun. de Humacao*, 197 DPR 656, 668-669 (2017); *Feliciano Martes v. Sheraton*, 182 DPR 368, 392 (2011); *Ocasio v. Kelly Servs.*, 163 DPR 653, 684 (2005).

El referido estatuto fue aprobado para proteger a los empleados de las represalias que sus patronos pudiesen tomar en su contra por ofrecer algún tipo de testimonio, expresión o información, verbal o escrita, en los foros legislativos, administrativos o judiciales, siempre que la información provista no sea difamatoria, ni privilegiada de acuerdo a la ley. Si el patrono incurre en la conducta prohibida, el empleado podrá instar una acción civil en su contra, dentro de los tres (3) años de la fecha en que ocurrió la violación. El empleado podrá solicitar que se le compense por los daños reales sufridos, las angustias mentales, la restitución en el empleo, los salarios dejados de devengar, los beneficios y los honorarios de abogado.

*Cordero Jiménez v. UPR,* 188 DPR 129, 135-137 (2013). La responsabilidad del patrono con relación a los daños y a los salarios dejados de devengar será el doble de la cuantía que se determine causó la violación a las disposiciones de la Ley Núm. 115-1991. 29 LPRA sec. 194b.

B

El mandato es una figura enmarcada dentro de los procesos apelativos judiciales. *Colón y otros v. Frito Lays*, 186 DPR 135, 151 (2012). El Tribunal Supremo de Puerto Rico la ha definido como el medio que posee un tribunal en alzada para comunicarle a un tribunal inferior la determinación que ha tomado sobre la sentencia objeto de revisión y ordenarle actuar de conformidad con la misma. *Pueblo v. Rosario Paredes*, 209 DPR 155, 168 (2022). Así pues, el propósito principal del mandato es lograr que el foro inferior actúe de forma consecuente con los pronunciamientos del tribunal apelativo de mayor jerarquía. *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 301 (2012). Esto es, una vez el mandato es remitido al tribunal inferior, este readquiere jurisdicción sobre el caso a los únicos fines de ejecutar la sentencia, de conformidad a la determinación emitida en apelación. *Íd.*

C

La Ley Núm. 402 de 12 de mayo de 1950, según enmendada, conocida como *Ley que regula la concesión de honorarios de abogado en los casos de reclamaciones de trabajadores o empleados contra sus patronos,* 32 LPRA sec. 3114, *et seq.*, dispone en lo pertinente que:

> En todo caso radicado ante las cortes de Puerto Rico por un trabajador o empleado en que se reclame cualquier derecho o suma de dinero contra su patrono, al amparo de la legislación laboral federal o local o convenio de trabajo de naturaleza individual o colectivo y en que se conceda la reclamación en todo o en parte, se condenará al patrono al pago de honorarios de abogado, si este no fuere uno de los abogados del Departamento del Trabajo y Recursos Humanos.

32 LPRA sec. 3115.

Así pues, la imposición de honorarios de abogado contra el patrono perdidoso en un litigio de naturaleza laboral resulta imperativa. *Ortiz y otros*

*v. Mun. de Lajas*, 153 DPR 744, 751 (2001). Ello, siempre y cuando se cumpla con los criterios establecidos, a saber: (1) que un empleado realice una reclamación laboral; (2) que la reclamación surja al amparo de la legislación laboral; (3) que el empleador sea un patrono bajo la Ley, y (4) que se conceda la reclamación. *Berkan et al. v. Mead Johnson Nutrition,* 204 DPR 183, 213-214 (2020), citando a *Ortiz y otros v. Mun. de Lajas*, 153 DPR 744, 751 (2001).

Lo antes señalado responde a la intención de permitir que los empleados que se vean en la necesidad de instar una reclamación laboral contra sus patronos e incurrir en gastos de abogado puedan recuperar las sumas perdidas en honorarios de abogado. *C.O.P.R. v. S.P.U.*, 181 DPR 299, 339 (2011). Como resultado, en las reclamaciones laborales el tribunal fijará los honorarios y el patrono deberá pagarlos. *Íd.*

Ahora bien, la Ley Núm. 402-1950 no establece criterio alguno que provea a los tribunales una guía para fijar los honorarios de abogado. Tampoco incluye un porcentaje específico en honorarios que deba otorgarse. Para salvaguardar dicha laguna legislativa, el Tribunal Supremo de Puerto Rico ha analizado otras leyes laborales análogamente. A modo de ejemplo, en *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011), el Tribunal Supremo resolvió que en casos de despido injustificado, se debe imponer una cuantía por honorarios no menor del quince por ciento (15%) del total de la compensación, o cien dólares ($100), lo que resulte mayor.

Por otro lado, en *López Vicil v. ITT Intermedia, Inc.*, 143 DPR 574 (1997), el Tribunal Supremo razonó que, en reclamaciones por discrimen al amparo de la Ley Núm. 100 de 30 de junio de 1959, conocida como *Ley Antidiscrimen de Puerto Rico*, 29 LPRA sec. 146, *et seq.*, puede utilizarse como punto de referencia un veinticinco por ciento (25%) de la indemnización concedida al empleado. Explicó que, para arribar a dicho porcentaje, tomó como referencia el quince por ciento (15%) de honorarios de abogado dispuesto en los casos de despido injustificado, y lo comparó con el grado de complicación y los costos que implica litigar un caso al

amparo de la Ley Núm. 100-1959. *López Vicil v. ITT Intermedia, Inc.*, 143 DPR, a la pág. 582.

No obstante lo anterior, en situaciones en las que el abogado estime que el esfuerzo realizado justifica recibir una cuantía mayor en concepto de honorarios, este podrá solicitar al tribunal su autorización para cobrar una tarifa a base de las horas trabajadas. En dichas instancias, el abogado vendrá obligado a presentar un memorando juramentado en el que detalle las horas trabajadas y la tarifa que pretende cobrar. De esta forma, el tribunal podrá evaluar su razonabilidad. *Íd.*, a la pág. 583.

En resumen, la cuantía establecida por concepto de honorarios de abogados en reclamaciones laborales resulta en una determinación discrecional del foro sentenciador, la cual no será variada por los foros apelativos a menos que constituya un abuso de discreción. *Pérez Rodríguez v. López Rodríguez*, 210 DPR 163, 193 (2022); *Colón Santos v. Coop. Seg. Mult. P.R.*, 173 DPR 170, 188 (2008).

III

En sus primeros dos señalamientos de error, la apelante indica que el Tribunal de Primera Instancia incidió al no cumplir con el mandato emitido por la Secretaría de este Tribunal tras la *Sentencia* del 23 de mayo de 2024, en el recurso KLAN202400252. En particular, sostiene que el foro primario erró al no conceder los remedios que dispone la Ley Núm. 115-1991, según le fuera ordenado.

Evaluada la determinación recurrida y las sendas posturas de las partes, colegimos que le asiste la razón.

El 23 de mayo de 2024, emitimos una *Sentencia* en el recurso KLAN202400252. En ella, razonamos que, además de la reclamación por despido injustificado, también procedía la causa de acción por represalias en el empleo. A esos efectos, modificamos el dictamen recurrido y remitimos el caso al foro primario para que procediera de conformidad al Art. 2 (b) de la Ley Núm. 115-1991. Esto es, el Tribunal de Primera Instancia

venía obligado a adjudicar, con base en la prueba desfilada, los remedios previstos en la referida disposición legal.

Tras ello, el foro primario emitió la *Sentencia Enmendada* objeto de revisión. Al examinar la misma, observamos que el tribunal *a quo* nada dispuso en cuanto a los remedios que provee el Art. 2 (b) de la Ley Núm. 115-1991. En contravención a nuestro mandato, este se limitó a conceder: (1) los honorarios de abogado, y (2) una doble compensación por la cuantía previamente otorgada en atención a la reclamación por despido injustificado.

Según es sabido, al recibir el mandato del foro apelativo, el tribunal inferior deberá actuar de forma consecuente con los pronunciamientos del primero. *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 301 (2012). Toda vez que el Tribunal de Primera instancia incumplió con el mandato expreso de este foro apelativo, corresponde remitir el caso nuevamente ante su consideración para que adjudique, conforme a la prueba presentada, los remedios contenidos en el Art. 2 (b) de la Ley Núm. 115-1991.

Ahora bien, adviértase que, como parte de los remedios provistos, el mencionado Art. 2 (b) de la Ley Núm. 115-1991 incluye la restitución en el empleo. Sin embargo, destacamos que el mismo no procede. Recordemos que, como parte de las alegaciones contenidas en la *Querella Enmendada*, la señora Sayán Resto arguyó que la administración del seguro social la había declarado incapaz, por lo que no podía trabajar[22]. Precisamos, también, que tampoco procede una partida por concepto de lucro cesante como remedio alterno, según sugiere la señora Sayán Resto. La Ley Núm. 115-1991 especifica cuáles son los remedios disponibles para las reclamaciones instadas al amparo de sus disposiciones y ninguna de ellas provee para ello.

Además, apuntamos que, al momento de realizar el cálculo correspondiente para fijar la partida por concepto de salarios dejados de devengar, el foro primario deberá tomar en consideración que la apelante

---

[22] *Véase*, apéndice del recurso, a las págs. 40 y 41.

recibe los beneficios del seguro social desde el año 2017[23]. No olvidemos que en nuestro ordenamiento jurídico permea la doctrina de la fuente colateral, la cual impide la acumulación de compensaciones por el mismo concepto[24].

Resuelto lo anterior, atendemos los señalamientos de error tercero y cuarto de manera conjunta. Mediante estos, la señora Sayán Resto sostiene que el tribunal primario incidió al no otorgar una partida en honorarios de abogado acorde a la jurisprudencia interpretativa de la Ley Núm. 402-1950. Alega que, en reclamaciones de represalias en el empleo al amparo de la Ley Núm. 115-1991, corresponde la imposición de una suma mayor a la que se concede en casos de despido injustificado. Precisa que en este caso los honorarios deben ser a razón del veinticinco por ciento (25%). No le asiste la razón.

Según reseñado, la Ley Núm. 402-1950 dispone que en todo caso instado por un empleado en que se reclame cualquier derecho o suma de dinero contra su patrono, se condenará a este último al pago de honorarios de abogado. No obstante, la disposición legal nada establece en cuanto a qué cantidad deberá otorgarse por dicho concepto.

Ciertamente, el Tribunal Supremo de Puerto Rico ha resuelto que en reclamaciones al amparo de la Ley Núm. 80-1976 se impondrá una cantidad no menor del quince por ciento (15%) de la compensación o cien dólares ($100), lo que fuere mayor. También, ha razonado que, en casos de discrimen conforme a la Ley Núm. 100-1959, puede otorgarse una cuantía de veinticinco por ciento (25%). De igual forma, ha explicado que es posible otorgar una suma mayor, siempre y cuando se presente un memorando en el que se justifique la solicitud.

En el presente caso, la señora Sayán Resto prevaleció en la reclamación de despido injustificado y en la de represalias. A esos efectos, el tribunal venía obligado a imponer el mínimo de quince por ciento (15%)

---

[23] *Véase*, apéndice del recurso, a las págs. 40 y 41.

[24] Véase, *Silva Soto v. Suiza Dairy Corporation*, 211 DPR 203 (2023).

en honorarios de abogado. Así lo hizo. Para considerar la imposición de una cuantía mayor, el representante legal de la señora Sayán Resto debió haber presentado un memorial a esos fines. Ello no ocurrió. Así pues, estimamos correcto el porcentaje concedido por el Tribunal de Primera Instancia en concepto de honorarios de abogado. La cifra no resulta excesiva y descansa en la sana discreción del foro primario. Por tanto, no amerita ser variada.

Por lo hasta aquí discutido, procede revocar el dictamen apelado, únicamente en cuanto a la doble compensación concedida, y devolver el caso al foro primario. El Tribunal de Primera Instancia vendrá obligado a emitir una determinación en la que fije, con base en la prueba presentada, los daños reales sufridos, las angustias mentales, los salarios dejados de devengar y los beneficios. El tribunal recurrido impondrá además una doble compensación en atención a la cuantía en concepto de salarios dejados de devengar. La doble compensación también comprenderá la cuantía que se conceda, si alguna, en concepto de daños sufridos. Todo lo anterior, de conformidad a las disposiciones del Art. 2 (b) de la Ley Núm. 115-1991.

IV

Conforme a los fundamentos antes expresados, se **revoca** la *Sentencia Enmendada* únicamente en cuanto a la doble compensación concedida. Se devuelve el caso al foro primario y se ordena que emita una nueva sentencia de manera compatible con lo aquí resuelto.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones