Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| JACK JAVIER SLIM<br><br>Recurrido<br><br><br>V.<br><br><br>ROYAL BLUE HOSPITALITY, LLC, H/N/C EL CONQUISTADOR RESORT-PUERTO RICO<br><br>Peticionario | KLCE202401167 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Civil Núm.: FA2024CV00760<br><br>Sobre: DESPIDO INJUSTIFICADO AL AMPARO DE LA LEY 80 DE MAYO DE 1976, SEGÚN ENMENDADA, 29 LPRA § 185a, A TRAVÉS DEL PROCEDIMIENTO SUMARIO DE LA LEY NÚM. 2 DE 1961, 32 LPRA § 3118-3132 |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de enero de 2025.

Comparece Royal Blue Hospitality LLC h/n/c El Conquistador Resort-Puerto Rico (Royal Blue o la Peticionaria) y solicita la revocación de la Sentencia emitida en rebeldía y notificada el 17 de octubre de 2024, por el Tribunal de Primera Instancia, Sala de Fajardo (TPI o foro primario) en la reclamación laboral instada en su contra por el Sr. Jack Javier Slim (señor Slim o el Recurrido), mediante el procedimiento sumario de la Ley Núm. 2 de 17 de octubre 1961, 32 LPRA secs. 3118-3132 (Ley Núm.2). En la referida Sentencia, el foro primario declaró Ha Lugar la Demanda por despido injustificado presentada por el Recurrido al amparo de la *Ley sobre Despidos Injustificados*, Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA secs. 185a *et seq.*, (Ley Núm.80) en contra de Royal Blue y condenó a la Peticionaria a pagar al señor Slim la suma de $69,800.00 por concepto de mesada, así como los honorarios de abogado, calculados al 25% de la mesada, ascendentes a $17,450 adicionales a esta.

Por los fundamentos que expondremos a continuación, **expedimos** el auto de *Certiorari* presentado por Royal Blue al amparo de la Sección 4 de la Ley Núm. 2, *supra*, 32 LPRA sec.3121 y **modificamos** la determinación recurrida a los únicos efectos de que se celebre una vista evidenciara para determinar el monto de la mesada a conceder al recurrido, y con ello los honorarios de abogado que corresponda al 25% de la mesada. Así modificada la Sentencia, **confirmamos** el resto del dictamen recurrido.

**I**

Procedemos a exponer los hechos procesales que preceden a la presentación del recurso de epígrafe.

El 8 de julio de 2024, el señor Slim presentó Demanda por despido injustificado en contra de Royal Blue, al amparo del procedimiento sumario dispuesto por la Ley Núm. 2.[1] El Recurrido alegó que desde el 16 de agosto de 2021, ocupó la posición de Director/Gerente General del Hotel El Conquistador mediante remuneración y contrato sin tiempo determinado y que fue despedido de su cargo sin que hubiere mediado justa causa. Como remedio el señor Slim solicitó en la Demanda la mesada, que dispone la Ley Núm. 80, *supra,* que consiste en una cantidad igual a los salarios y beneficios dejados de percibir desde la fecha del despido y además, el 25% de los honorarios de abogado.  La peticionaria fue debidamente emplazada el 2 de agosto de 2024, a través de su agente residente, el Sr. Ángel Fulana Olivencia.[2]

El 29 de agosto de 2024, el señor Slim presentó *Moción Para Que se Dicte Sentencia en Rebeldía* ante el foro primario.[3] Allí sostuvo que Royal Blue no había presentado la contestación a la querella dentro de los diez (10) días siguientes a su presentación, tal y como lo exige la Sección 3 de la Ley Núm. 2, *supra*, por lo que conforme a dicha disposición procedía que se dictara sentencia en contra de la Peticionaria, concediendo el remedio solicitado, sin más citarle ni oírle.

---

[1] *Véase* páginas 1-7 del Apéndice del recurso de *Certiorari.*
[2] Véase páginas 11-12 del Apéndice del recurso de *Certiorari.*
[3] *Véase* páginas 8-12 del Apéndice del recurso de *Certiorari.*

Posteriormente, el **3 de septiembre de 2024**, el foro primario ordenó al señor Slim, la prestación de una **fianza de no residente** por la cantidad de $1,500.00, al amparo de la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V. R. 69.5, y la paralización de los procedimientos hasta tanto se prestara la fianza.[4] Al día siguiente, el **4 de septiembre de 2024**, el señor Slim presentó ante el TPI ***Moción Solicitando Reconsideración de Orden Imponiendo Fianza de No Residente y Paralización de los Procedimientos*** en la que sostuvo que la imposición de la fianza de la Regla 69.5 de Procedimiento Civil, es garantizar a la parte victoriosa el pago de las costas, gastos y honorarios de abogado por el litigante no residente que ha perdido el pleito y que <u>no es de aplicación a casos de despido injustificado presentados por el trabajador al amparo del procedimiento sumario de la Ley Núm. 2.</u>[5] En síntesis, razonó el Recurrido en su solicitud de reconsideración interlocutoria que en reclamaciones laborales, conforme a lo dispuesto en el Art. 2 de la Ley Núm. 402 de 12 de mayo de 1950, según enmendada, conocida como *Ley de Reclamaciones Laborales*, **32 LPRA sec. 3115**, <u>**aun cuando se dicte sentencia a favor del patrono, no se condenará al trabajador o empleado al pago de honorarios de abogado**</u>**, por lo que en reclamaciones al amparo de la Ley Núm. 2,** *supra,* **imponer la fianza que establece la Regla 69.5 de Procedimiento Civil,** *supra***, es inconsistente con la política pública laboral de las leyes protectoras de los trabadores en las cuales se fundamenta su reclamación**.

Ese mismo día, el **4 de septiembre de 2024**, el foro primario declaró <u>**con lugar**</u> la *Moción Solicitando Reconsideración de Orden Imponiendo Fianza de No Residente y Paralización de los Procedimientos* presentada por el Recurrido y le ordenó presentar Proyecto de Sentencia en o antes del término de diez días.[6]

Asimismo, el **4 de septiembre de 2024**, Royal Blue presentó *Contestación a la Demanda* y allí planteó que los términos estaban

---

[4] Véase página 13 del Apéndice del recurso de *Certiorari.*
[5] *Véase* páginas 14-17 del Apéndice del recurso de *Certiorari.*
[6] *Véase* página 18 del Apéndice del recurso de *Certiorari.*

paralizados y que el término de diez días para contestar la demanda, dispuesto en la Ley Núm. 2, estaba comenzando a decursar ese día toda vez que el término se paralizó el 3 de septiembre de 2024.[7] Dicha Contestación a la Demanda no estuvo precedida por moción oportuna de prórroga. La Peticionaria presentó además, *Respuesta a Moción Solicitando Reconsideración,* en la que argumentó que la reconsideración interlocutoria era incompatible con el procedimiento sumario, y además, presentó *Solicitud Para que se Ordene Tramitar el Caso Por la Vía Ordinaria y Solicitud de Vista Evidenciaría.*[8]

Mediante Orden de 4 de septiembre de 2024, notificada al día siguiente, el foro primario concedió término al Recurrido para expresarse en torno a la solicitud de Royal Blue para que se tramitara el caso por la vía ordinaria.[9] En igual fecha el foro primario declaró No Ha Lugar la *Respuesta a Moción Solicitando Reconsideración,* presentada por la Peticionaria.[10] El 5 de septiembre de 2024, el TPI emitió y notificó Orden en la que dejó en suspenso la *Solicitud de Vista Evidenciaria* presentada por Royal Blue, hasta que se contestaran las mociones pendientes entre las partes.[11]

Por su parte, el 5 de septiembre el 2024, el señor Slim presentó *Oposición a Solicitud Para que se Ordene Tramitar el Caso Por la Vía Ordinaria, Oposición a Solicitud de Vista Evidenciaria y Moción Eliminatoria.*[12] En la *Oposición a Solicitud Para que se Ordene Tramitar el Caso Por la Vía Ordinaria* el Recurrido señaló que el único remedio que solicita en la Demanda es la mesada, cantidad igual a los salarios y beneficios dejados de percibir desde la fecha del despido hasta que el tribunal ordene la reposición en el empleo, además del 25% en honorarios de abogado por lo que no se justificaba la conversión al procedimiento

---

[7] *Véase* páginas 19-26 del Apéndice del recurso de *Certiorari.*
[8] *Véase* páginas, 33-37, 27-31y página 39 del Apéndice del recurso de *Certiorari.*
[9] *Véase* página 39 del Apéndice del recurso de *Certiorari.*
[10] *Véase* página 38 del Apéndice del recurso de *Certiorari.*
[11] *Véase* página 40 del Apéndice del recurso de *Certiorari.*
[12] *Véase* páginas 41-44, 45-48 y 49-51 del Apéndice del recurso de *Certiorari.*

ordinario. [13] De igual forma, en la *Solicitud de Vista Evidenciaria* el Recurrido argumentó que Royal Blue no había logrado establecer la necesidad de celebrar una vista evidenciaria. Así, arguyó el señor Slim que en su Demanda reclamó la mesada, remedio que provee la Ley Núm. 80, supra, en casos de despido injustificado y que las alegaciones son lo suficientemente detalladas para establecer cuáles son los hechos que culminaron con su despido y que justificaron la concesión de la mesada.[14]

En la *Moción Eliminatoria* el Recurrido se opuso a que el foro primario aceptara la *Contestación a la Demanda* de Royal Blue. Adujo que esta se presentó fuera del término de diez (10) días y reiteró que no estuvo precedida por moción oportuna de prórroga en la que se expusiera bajo juramento los motivos para la demora de forma que el TPI pudiera determinar la existencia de causa justificada para prorrogar el término para contestar que exige la Ley Núm. 2.[15] Sobre estos extremos, el señor Slim afirmó además, que cuando el patrono no contesta oportunamente la querella laboral dentro del término correspondiente, ni una solicitud de prórroga juramentada a esos efectos, conforme a lo establecido en el procedimiento sumario para ventilar querellas laborales los Tribunales de Primera Instancia carecen de discreción para dejar de anotar la rebeldía al patrono. Razonó el Recurrido que Royal Blue presentó la *Contestación a la Demanda* el 4 de septiembre de 2024, cuando para esa fecha habían transcurrido treinta y tres (33) días desde que la Peticionaria fuera debidamente emplazada el 2 de agosto de 2024.[16]

Posteriormente las partes presentaron sus respectivas réplicas y duplicas a réplicas a las distintas mociones presentadas.

Mediante Sentencia emitida en rebeldía y notificada el 17 de octubre de 2024, el foro primario declaró Ha Lugar la Demanda por despido injustificado presentada por el Recurrido al amparo de la Ley Núm. 80, y sentenció a la Peticionaria a pagar al señor Slim la mesada de $69,800.00

---

[13] *Véase* páginas 41-44 del Apéndice del recurso de Certiorari.
[14] *Véase* página 45 del Apéndice del recurso de *Certiorari.*
[15] *Véase* páginas 49-51 del Apéndice del recurso de *Certiorari.*
[16] *Id.*

así como una suma de honorarios de abogado, calculados al 25% de la mesada, que consistió en $17,450 adicionales a la mesada.

Concluyó el foro primario que la reconsideración presentada por el Recurrido el 4 de septiembre de 2024, para dejar sin efecto la Orden de 3 de septiembre de 2024 para la prestación de una fianza de no residente fue presentada al día siguiente y atendida por el TPI ese mismo día, el 4 de septiembre de 2024, por lo que nunca se desvirtuó el procedimiento sumario de la Ley Núm. 2, supra.[17] Sobre estos extremos el foro primario dispuso que contrario a lo alegado por Royal Blue **los procedimientos no estuvieron suspendidos, que la Demanda se presentó 8 de julio de 2024 y que la Peticionaria fue debidamente emplazada el 2 de agosto de 2024**.

Asimismo, razonó el TPI que para esa fecha, 3 y 4 de septiembre de 2024, ya había transcurrido en exceso el término de diez días que tenía Royal Blue para presentar *Contestación a la Demanda*, sin que ello ocurriera y sin que la Peticionaria hubiese presentado una oportuna moción de prórroga juramentada, por lo que procedía dictar Sentencia en rebeldía en su contra, a base de las alegaciones de la Demanda presentada por el señor Slim.

Concluyó además, el TPI en la Sentencia que no atender la solicitud reconsideración presentada por el Recurrido el 4 de septiembre de 2024, para dejar sin efecto la Orden de 3 de septiembre de 2024 para la prestación de una fianza de no residente hubiese provocado una injusticia. Fundamentó su determinación en que si bien en *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723 (2016), citando a *Dávila Rivera* v. Antilles *Shipping, Inc.,* 147 DPR 483 (1999), se dijo que la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento laboral, dicha norma no es absoluta. Con ese razonamiento expresó el foro primario que la excepción a dicha prohibición consiste en aquellas resoluciones dictadas por un tribunal sin jurisdicción, aquellos casos

---

[17] *Véase* página 94 del Apéndice del recurso de *Certiorari.*

extremos en los cuales los fines de la justicia así lo requieran y que procede su revisión inmediata cuando atenderla dispondría del caso de forma definitiva o **cuando tenga el efecto de evitar una grave injusticia**. Así, concluyó el TPI que a pesar de que la jurisprudencia interpretativa estableció que algunas resoluciones interlocutorias son revisables en procedimientos sumarios al amparo de la Ley Núm. 2, dicha ley no establece los términos aplicables para recurrir, así como tampoco hace referencia a la posibilidad de reconsiderar una resolución u orden interlocutoria.[18]

En desacuerdo, Royal Blue recurre ante nos mediante recurso de *Certiorari* y señala la comisión de los siguientes errores por parte del foro primario:

> ERRÓ EL TPI AL DECLARAR HA LUGAR UNA MOCIÓN DE RECONSIDERACIÓN INTERLOCUTORIA CUANDO EN UN CASO TRAMITADO BAJO EL PROCEDIMIENTO SUMARIO LABORAL CONCEBIDO EN LA LEY NÚM. 2 DE 17 DE OCTUBRE DE 1961 32 LPRA §3118 ET SEQ, LA FIGURA DE LA RECONSIDERACIÓN NO ESTÁ PERMITIDA Y EL TRIBUNAL NO TIENE JURISDICCIÓN PARA CONSIDERARLA, ENTRETENERLA Y ADJUDICARLA.
>
> ERRÓ EL TPI AL DETERMINAR QUE LOS PROCEDIMIENTOS NO ESTUVIERON SUSPENDIDOS DESDE QUE SE PRESENTÓ LA DEMANDA EN FUNCIÓN DE QUE IMPONER LA FIANZA DE NO RESIDENTE CONCEBIDA EN LA REGLA 69.5 DE PROCEDIMIENTO CIVIL ERA MANDATORIO DESDE EL MOMENTO EN QUE SE PRESENTÓ LA DEMANDA.
>
> ERRÓ EL TPI AL DETERMINAR QUE ROYALE NO PRESENTÓ SU CONTESTACIÓN A DEMANDA OPORTUNAMENTE.
>
> ERRÓ EL TPI AL DICTAR SENTENCIA EN REBELDÍA SIN CELEBRAR UNA VISTA EVIDENCIARÍA.
>
> ERRÓ EL TPI AL CONCEDER 25% DE LA MESADA EN HONORARIOS DE ABOGADO.

El 15 de noviembre de 2024, el Recurrido compareció ante nos mediante *Oposición a Expedición del Auto de Certiorari.* En esencia, sostiene que no incidió el foro primario al atender la solicitud de reconsideración presentada por el Recurrido sobre una orden interlocutoria emitida por el TPI en el procedimiento laboral sumario, lo cual está permitido por nuestro ordenamiento a manera de excepción para evitar una grave injusticia. Destaca además, que en el presente caso no se desvirtuó

---

[18] *Véase* páginas 93- 94 del Apéndice del recurso de *Certiorari*.

el carácter sumario del procedimiento toda vez que la controversia sobre la fianza de no residente fue resuelta con celeridad en un plazo de veinticuatro horas. De igual modo, sostiene el Recurrido que los señalamientos de error de la Peticionaria contienen posturas acomodaticias y erradas en derecho las cuales eluden las consecuencias de no haber formulado su alegación responsiva en el término de diez días que exige la Ley Núm. 2, *supra*. Razona el Recurrido que el planteamiento de la Peticionaria de que dicho término de diez días nunca comenzó a decursar por que el señor Slim es no residente, además de frívolo, no encuentra apoyo en las fuentes citadas. Finalmente, argumenta el Recurrido que las alegaciones de la Demanda son detalladas y precisas y no generalizadas y concluyentes, por lo que no incidió el foro primario al determinar, en el ejercicio de su discreción, que no era necesario celebrar vista antes de dictar la sentencia en rebeldía autorizada por la Ley Núm. 2, para casos como el que nos ocupa en los que el patrono no contesta la querella en el plazo de diez días.

## II

### A.

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1

de Procedimiento Civil, *supra*. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR

170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Ahora bien, cuando se recurre de resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia bajo la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.* (Ley Núm. 2-1961), nuestra intervención está limitada, toda vez que, de ordinario, la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento laboral. *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 496-498 (1999). No obstante, esta norma de autolimitación de revisión contempla una serie de instancias en las cuales una determinación de naturaleza interlocutoria es revisable por este Foro, así como por nuestro Tribunal Supremo. *Díaz Santiago v. PUCPR et al.*, 207 DPR 339, 349 (2021). A modo de excepción, los Foros revisores deben mantener y ejercer su facultad para revisar mediante el recurso de certiorari resoluciones interlocutorias dictadas en un procedimiento sumario tramitado a tenor con la Ley Núm. 2-1961, *supra*, en las siguientes instancias: (1) cuando el foro primario haya actuado sin jurisdicción; (2) en situaciones en las que la revisión inmediata dispone del caso por completo; y (3) cuando la revisión tenga el efecto de evitar una grave injusticia. *Íd.*; *Dávila, Rivera v. Antilles Shipping, Inc.*, supra, pág. 498; *Ortiz v. Holsum*, 190 DPR 511, 517 (2014); *Aguayo Pomales v. R & G Mortg.*, 169 DPR 36, 45-46 (2006). En tales escenarios, el carácter sumario y la celeridad que caracterizan a los procedimientos tramitados bajo el referido estatuto ceden y los Foros apelativos pueden revisar el dictamen interlocutorio recurrido. *Íd.*; *Bacardí Corp. v. Torres Arroyo*, 202 DPR 1014 (2019).

Además, tenemos facultad para atender un recurso de certiorari presentado al amparo de la Sec. 4 de la Ley Núm. 2, *supra*, cuando el querellado no radica su contestación a la querella en el término de diez días, ni solicita prórroga oportunamente en la forma allí dispuesta y el juez

dicta sentencia en su contra a instancias del querellante, concediendo el remedio solicitado. 32 LPRA sec. 3121. En dichas instancias el recurso de certiorari dispuesto por la sección 4 de la Ley Núm. 2, de la Sentencia dictada en rebeldía emitida por el foro primario será **para que se revisen los procedimientos exclusivamente"**. 32 LPRA sec. 3121. (Énfasis suplido)

**B.**

La Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA secs. 3118-3132, (Ley Núm. 2) establece un mecanismo procesal mediante el cual se adjudicarán las querellas laborales presentadas a su amparo con celeridad, sumariamente. La Sección 3 de la Ley Núm. 2, supra, impone al patrono la obligación de presentar por escrito su contestación a la querella en los (10) días siguientes a su notificación, si esta se hace en el distrito judicial en donde se promueve la acción, y en los demás casos, dentro de los quince (15) días. Si el patrono querellado no presenta su contestación en el término establecido, "se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle". 32 LPRA sec. 3120.  Dispone asimismo la Sección 3 de la Ley Núm. 2, *supra,* que **"[s]olamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar"** y que **"[e]n ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga**." 32 LPRA sec. 3120. (Énfasis suplido)

En *Mercado Cintrón v. Zeta Commun, Inc.,* 135 DPR 737 (1994) el Tribunal Supremo concluyó que el tribunal de instancia no le dio estricto cumplimiento a esta disposición cuando aceptó una contestación a una querella a pesar de que habían transcurrido más de los diez días dispuesto por la Sección 3 de la Ley Núm.2, para contestar y prorrogó el referido término sin que la parte querellada hubiese presentado

previamente una moción de prórroga, debidamente notificada al querellante, y donde no expuso bajo juramento los motivos que justificaban su dilación.

Cuando el patrono no contesta oportunamente la querella laboral dentro del término correspondiente, ni presenta una solicitud de prórroga juramentada a esos efectos, conforme a lo establecido en el procedimiento sumario para ventilar querellas laborales los Tribunales de Primera Instancia carecen de discreción para dejar de anotar la rebeldía al patrono. Véase, *Vizcarrondo Morales v. MVM. Inc.,* 176 DPR 921 (2008). En lo pertinente a la celebración de una vista en rebeldía en estos casos, en *Vizcarrondo Morales v. MVM. Inc.,* 176 DPR 921 (2008) el Tribunal Supremo concluyó que si el foro de instancia entiende que las alegaciones hechas en la querella requieren algún trámite ulterior antes de dictar sentencia el foro primario puede celebrar las vistas que estime necesarias.

El trámite establecido en la Ley Núm. 2, supra, no exige el requisito de notificación previa de la solicitud de sentencia para que un tribunal pueda dictar una sentencia en rebeldía válida cuando una parte no ha radicado su contestación a la querella en la forma y manera que exige tal ley. *Díaz* v. *Hotel Miramar Corp.* 103 DPR 314 (1975).

De otra parte, la Sección. 4 de la Ley Núm. 2, supra, dispone que "[s]i el querellado no radicara su contestación a la querella en la forma y en el término dispuestos en la sec. 3120 de este título, el juez dictará sentencia contra el querellado, a instancias del querellante, concediendo el remedio solicitado. **La sentencia a esos efectos será final y de la misma no podrá apelarse**". 32 LPRA sec. 3121. Asimismo, en la Sección 4 de la Ley Núm. 2, supra, **"[s]e dispone no obstante, que la parte afectada por la sentencia dictada en los casos mencionados en esta sección podrá acudir mediante auto de certiorari al Tribunal de Apelaciones, en el término jurisdiccional de diez (10) días siguientes a la notificación de la sentencia <u>para que se revisen los procedimientos exclusivamente</u>"**. 32 LPRA sec. 3121. (Énfasis suplido)

Es preciso destacar que el procedimiento post sentencia son incompatibles con el procedimiento especial sumario de la Ley Núm. 2, supra, la Moción de Reconsideración dispuesta en la Regla 47 de Procedimiento Civil (32 LPRA Ap. V), toda vez que retrasaría la adjudicación final del pleito, así como la Moción de Enmienda a Determinaciones de Hecho y de Derecho. Véase *Petiño Chirino y. Parador Villa Antonio,* 196 DPR 439 (2016); *Medina Nazario y. McNeil Heaithcare LLC*, 194 DPR 723 (2016).

Ahora bien, en *Medina Nazario y. McNeil Heaithcare LLC*, 194 DPR 723 (2016) el Tribunal Supremo resolvió que la figura de la reconsideración interlocutoria es incompatible con el procedimiento provisto en la Ley Núm. 2. Sin embargo, allí también *Medina Nazario y. McNeil Heaithcare LLC*, *supra*, el Tribunal Supremo, citando a *Dávila Rivera v. Antilles Shipping, Inc.,* 147 DPR 483, 496-498 (1999), destacó que a pesar de que la revisión de las resoluciones interlocutorias es contraria al carácter sumario del procedimiento laboral de la Ley Núm. 2**, esta norma no es absoluta. Así, exceptuó de dicha prohibición** aquellas resoluciones dictadas por un tribunal sin jurisdicción y **aquellos casos extremos en los cuales los fines de la justicia así lo requieran**. Además, señaló que **procede la revisión inmediata cuando tenga el efecto de evitar una grave injusticia**. *Id. Véase* además, *Díaz Santiago v. Universidad Católica de P.R.,* 207 DPR 339 (2021).

**C.**

En lo pertinente a los honorarios de abogados y las costas en reclamaciones laborales al amparo de la Ley Núm. 2, la Sección 15 de esta ley establece que todas las costas que se devengaren en esta clase de juicios serán satisfechas de oficio. 32 LPRA sec. 3132. Además, dispone expresamente la Sección 15 de la Ley Núm. 2, *supra,* que **"[e]n todos los casos en que se dictare sentencia en favor de la parte querellante, si ésta compareciere representada por abogado particular, se condenará**

**al querellado al pago de honorarios de abogado.** 32 LPRA sec. 3132. (Énfasis suplido)

De otra parte, en general, los honorarios de abogados o abogadas en reclamaciones laborales están regidos por los Arts. 1 y 3 de la Ley Núm. 402 de 12 de mayo de 1950, según enmendada, conocida como *Ley de Reclamaciones Laborales* (Ley Núm. 402) (32 LPRA sec. 3114 y 3116), que prohíbe el pacto de honorarios y hace nulo cualquier contrato a estos efectos.

La Ley Núm. 402, supra, establece la imposición de honorarios de abogado a los patronos perdidosos en casos de reclamaciones fundamentadas en legislación laboral local o federal, o en convenio de trabajo individual o colectivo. Art. 2 de la Ley Núm. 402, 32 LPRA sec. 3115. Particularmente, el Art. 2 de la Ley Núm. 402, *supra*, 32 LPRA sec. 3115, dispone que en todo caso que presente un trabajador contra su patrono al amparo de ley laboral o federal, convenio individual o colectivo, en que se conceda la reclamación en todo o en parte, se condenará al patrono al pago de honorarios de abogado y no establece límite. Véase además, *Ortiz y* otros y. *Mun de Lajas*, 153 DPR 744(2001). Es decir que según dicho estatuto, la imposición de honorarios de abogado procede cuando concurren las condiciones siguientes: 1. el obrero presente una reclamación contra su patrono o expatrono; 2. la reclamación esté amparada en legislación o convenio de trabajo laboral; 3. el demandado o la demandada se considere patrono bajo la ley; 4. la reclamación se concede en todo o en parte, y 5. el obrero no esté representado por abogado o abogada del Departamento del Trabajo y Recursos Humanos. "Véase, Art. 2, de la Ley Núm. 402, 32 LPRA sec.

**D.**

La Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, ofrece una protección a aquellos demandados por personas que no son residentes de Puerto Rico, cuya intención es que el demandado que prevalezca en esos casos recupere las costas, gastos y honorarios de su defensa. Como regla

general el cumplimiento de la fianza de no residente es mandatorio y todo procedimiento queda suspendido hasta su prestación. El tribunal solo tiene discreción para establecer su cuantía, la cual no podrá ser inferior de mil dólares. *Martajeva v. Ferré Morris y otros,* supra, págs. 622-623.

Sobre esos extremos, el Tribunal Supremo de Puerto Rico resolvió en *Martajeva v. Ferré Morris y otros,* supra, págs. 628-629, que **el término** de ciento veinte (120) días para diligenciar los emplazamientos **se paraliza hasta la prestación de la fianza de no residente.** Nuestro más Alto Foro judicial local concluyó que el texto de la Regla 69.5, *supra,* es claro. El legislador comunicó cabalmente su intención de suspender todos los procedimientos judiciales hasta la prestación de la fianza. La suspensión decretada al amparo de la Regla 69.5 de Procedimiento Civil, *supra,* incluye el término de 120 días para diligenciar los emplazamientos establecido en la Regla 4.3 (c) de Procedimiento Civil, *supra.* El término para emplazar queda en pausa cuando el tribunal decreta la suspensión de los procedimientos hasta el pago de la fianza de no residente. Los procedimientos se reanudarán nuevamente, luego de que el demandante no residente paga la fianza. Ahora bien, **el Tribunal Supremo aclaró que la paralización no tiene el efecto de prorrogar dicho término, por lo que no comienza nuevamente a partir de la fianza**. **El efecto de la paralización establecida en virtud de la Regla 69.5 de Procedimiento Civil,** *supra***, es que detiene el plazo con los días que hayan transcurrido. Una vez se deja sin efecto la suspensión de los procedimientos, el término continua su decurso desde donde se quedó cuando ocurrió la suspensión.** *Martajeva v. Ferré Morris y otros,* supra.

**III**

Es la contención de Royal Blue en **su primer señalamiento de error** que incidió el foro primario al atender la solicitud de reconsideración presentada por el Recurrido el 4 de septiembre de 2024 y ese mismo día reconsiderar la orden interlocutoria emitida el día anterior, que le ordenó a

este presentar una fianza de no residente. Arguye la Peticionaria que atender la solicitud de reconsideración para revisar una orden interlocutoria es contraria al carácter sumario del procedimiento y a lo resuelto en *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723 (2016).

En lo pertinente, la peticionaria sostiene además, en su **segundo y tercer señalamiento de error** que incidió el TPI al determinar que los procedimientos no estuvieron suspendidos desde que se presentó la Demanda y al determinar que la Contestación a la Demanda no fue presentada oportunamente. Razona que desde ese momento era mandatorio prestar la fianza de no residente que exige la Regla 69.5 de Procedimiento Civil, *supra*, por lo que el procedimiento estuvo suspendido y no había empezado a decursar el término de diez días que dispone la Ley Núm. 2 para contestar la Demanda, y arguye por ello su presentación el 4 de septiembre de 2024, fue oportuna.

Es preciso destacar, que en el caso que nos ocupa, evaluamos la procedencia de una solicitud de reconsideración interlocutoria en un procedimiento laboral sumario que se ventila bajo la Ley Núm. 2, en el que, conforme a la doctrina vigente establecida en *Medina Nazario y. McNeil Heaithcare LLC*, supra, autoriza su consideración por el foro primario como excepción en **aquellos casos extremos en los cuales los fines de la justicia así lo requieran para evitar una grave injusticia**. *Id.*

La Ley Núm. 2, *supra*, es parte de la legislación protectora de los trabajadores. En reclamaciones al amparo de esta Ley y de otras reclamaciones laborales protectoras, aun cuando se dicte sentencia a favor de patrono querellado, no se condenará al trabajador o empleado querellante al pago de honorarios de abogado. 32 LPRA sec. 3115. Como bien concluye el foro primario, sería contrario al espíritu de la legislación laboral protectora, que el trabajador o empleado que por mandato de ley no tiene que pagar honorario alguno a su abogado termine pagando honorarios al patrono a través de la imposición de una fianza al amparo de la Regla 69.5 de Procedimiento Civil, *supra*. Con este razonamiento

concluimos que, no incidió el foro primario al resolver que el propósito de la Regla 69.5 de las Reglas de Procedimiento Civil de 2009, *supra,* de proteger al demandado, en este caso al patrono, en el cobro de costas y honorarios de abogado fuera de nuestra jurisdicción**, no aplica a este tipo de reclamación de materia laboral**.

Consecuentemente **tampoco incidió el TPI al atender la solicitud de reconsideración interlocutoria presentada por el Recurrido que tuvo el efecto de no exigirle la prestación de una fianza de no residente, cuyo fin, contemplado como excepción por la jurisprudencia interpretativa fue <u>evitar una gran grave justicia</u>, sin** que dicha adjudicación por parte del TPI tuviera algún efecto dilatorio en la adjudicación sumaria del caso, ni desvirtuó su naturaleza sumaria.

Toda vez que en reclamaciones laborales, conforme a lo dispuesto en el Art. 2 de la Ley Núm. 402 de 12 de mayo de 1950, según enmendada, conocida como *Ley de Reclamaciones Laborales*, **32 LPRA sec. 3115**, **<u>aun cuando se dicte sentencia a favor del patrono</u>, <u>no se condenará al trabajador o empleado al pago de honorarios de abogado</u>, concluimos que en reclamaciones al amparo de la Ley Núm. 2,** *supra,* **imponer la fianza que establece la Regla 69.5 de Procedimiento Civil,** *supra,* **es inconsistente con la política pública laboral de las leyes protectoras de los trabadores en las cuales se fundamenta su reclamación, por lo que no incidió el foro primario al considerar la solicitud de resolución interlocutoria presentada por el Recurrido y consecuentemente dejar sin efecto la fianza de no residente**.

En lo pertinente a la contención de Royal Blue referente a que incidió el foro primario al considerar tardía su Contestación a la Demanda presentada el 4 de septiembre de 2024 y al proceder por ello a dictar Sentencia en rebeldía, concluimos que el TPI tampoco incurrió en el error señalado por Royal Blue. En el caso de epígrafe, cuando la Peticionaria contestó la querella presentada por el Recurrido ya había transcurrido el

plazo obligatorio de diez días para contestar, dispuesto en la Sec. 3 de la Ley Núm. 2, 32 LPRA sec. 3120**, los cuales comenzaron a decursar a partir del 2 de agosto de 2024, fecha en que se diligenció el emplazamiento a Royal Blue.** Durante dicho período la Peticionaria tampoco presentó una oportuna solicitud de prórroga juramentada, como lo exige en ese caso la Ley Núm. 2, *supra.* Independientemente de la interpretación de la Peticionaria sobre el alcance que tuvo si alguno, en el referido término de diez días la Orden de 3 de septiembre de 2024 para la prestación de fianza de no residente, reconsiderada al día siguiente por el TPI por improcedente en el contexto de una reclamación laboral, ya para esa fecha había vencido el término de diez días para presentar la Contestación a la demanda sin que Royal Blue hubiese presentado la misma y sin que la Peticionaria hubiese presentado una solicitud de prórroga. En ese caso, conforme a lo dispuesto en la Sección 3 de la Ley Núm. 2, *supra,* el foro primario tenía facultad, como lo hizo, para dictar "**sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle".** 32 LPRA sec. 3120.

En su cuarto señalamiento de error, Royal Blue plantea que el foro primario incidió al dictar sentencia en rebeldía sin celebrar vista evidenciaría. Sobre este señalamiento de error es preciso destacar que en casos como el que nos ocupa el foro primario no tiene discreción para dejar de anotar la rebeldía al patrono demandado que no contesta en el término de diez días y que la discreción del TPI para celebrar la vista en rebeldía dependerá si el foro de instancia entiende que las alegaciones hechas en la querella requieren algún trámite ulterior antes de dictar sentencia, entonces el foro primario puede celebrar las vistas que estime necesarias. Véase Vizcarrondo *Morales v. MVM. Inc.,* 176 DPR 921 (2008). Cónsono con ello, si bien es cierto que este caso requiere que se dicte sentencia en contra de Royal Blue debido a la ausencia de una alegación responsiva en el término dispuesto en la Ley Núm. 2, *supra*, ello no es óbice para celebrar una vista evidenciaría a los fines de que el remedio concedido sea uno

justo. Maxime, cuando para conceder la compensación reclamada por un empleado su salario debe ser justificado por la prueba. 32 LPRA sec. 3126. En el caso ante nuestra consideración las alegaciones de la *Demanda* no especifican el salario devengado por el recurrido. De igual modo, tampoco se ha sustentado con evidencia el cálculo de los $69,800.00 solicitados en concepto de compensación. Ante ello, el presente caso amerita la celebración de una vista evidenciaría a los únicos efectos de que se desfile evidencia del salario del recurrido y con ello se calcule la mesada a ser satisfecha por Royal Blue. Esto, sin que se altere de manera alguna la correcta determinación de declarar *Ha Lugar* la solicitud de remedio de despido injustificado.

Finalmente, como último señalamiento de error, la Peticionaria sostiene que incidió el foro primario al conceder el 25% de la mesada en honorarios de abogado.

Cuando se dicta sentencia en rebeldía en contra del patrono en un procedimiento que se ventila al amparo de la Ley Núm. 2, *supra,* por este no haber contestado la querella en el término de diez días, el patrono no puede apelar dicha Sentencia y solo tendrá a su disposición la presentación de un recurso de *Certiorari*, el cual es uno de carácter discrecional. Sección 4 de la Ley Núm. 2, *supra*, 32 LPRA sec. 3121. Conforme a dicha disposición y a la naturaleza *sui generis* de este recurso de *Certiorari* presentado al amparo de la referida Sección 4 de la Ley Núm. 2, *supra,* a la Peticionaria le asiste únicamente el derecho a que este Tribunal de Apelaciones revise los **procedimientos exclusivamente**. 32 LPRA sec. 3121. Conforme a dicha limitación estatutaria, es preciso destacar que está fuera de nuestro ámbito discrecional revisar en sus méritos los remedios concedidos al Recurrido por el foro primario en la Sentencia emitida en rebeldía en contra de la Peticionaria ya que nuestra facultad es únicamente para revisar el procedimiento ante el dicho foro. *Id.* Ante ello, y a la luz de la necesidad de una vista evidenciara para obtener el cálculo de la mesada a conceder, solo restaría que el foro recurrido

determine a cuanto asciende el 25% de la mesada que conforme a la referida vista se adjudique, para que con ello se obtenga el calculo de los honorarios de abogado que debe satisfacer Royale Blue.

**IV**

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Sentencia, **expedimos** el auto de *Certiorari* a tenor de la Regla 40, *supra*; se **confirma** la procedencia de la anotación de rebeldía contra Royal Blue; y se devuelve el caso al TPI para que dicte sentencia luego de que celebre una vista evidenciaría a los únicos fines de establecer el monto de la mesada y, por ende, los honorarios de abogado correspondientes.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. La jueza Álvarez Esnard concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones